IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01898-BNB

ERNEST J. MEDINA,

    Applicant,

v.

BARRY GOODRICH, Warden, Bent County Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Ernest J. Medina, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Medina has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his Colorado state court criminal conviction and sentence in El Paso County District Court case number 00CR4360.

    The Court must construe the application liberally because Mr. Medina is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, the action will be dismissed for lack of jurisdiction.

Mr. Medina previously has sought habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254 with respect to his conviction in El Paso County District Court case number 00CR4360. *See Medina v. Hartley*, No. 07-cv-02419-REB-BNB (D. Colo. May 11, 2010). Mr. Medina recently filed a second habeas corpus application challenging the validity of his conviction in El Paso County District Court case number 00CR4360 that was dismissed for lack of jurisdiction. *See Medina v. Goodrich*, No. 13-cv-01879-LTB (D. Colo. July 18, 2013).

Mr. Medina acknowledges that he has filed a prior federal action challenging the validity of the same criminal conviction (*see* ECF No. 1 at 27), but he fails to identify that action and he fails to specify why the prior action was dismissed. However, the Court may take judicial notice of its own records and files that are part of the Court's public records. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). The Court has examined the docketing records for 07-cv-02419-REB-BNB, which was dismissed with prejudice because the Sixth Amendment claim Mr. Medina raised in that action had been defaulted in state court on an independent and adequate state procedural ground and was procedurally barred. Therefore, the Court finds that the instant application is a second or successive application. *See Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (finding that § 2254 application denied on state procedural default grounds constitutes a disposition on the merits, thus rendering a subsequent § 2254 application second or successive); *Schwartz v. Neal*, 228 Fed. App'x 814, 816 (10th Cir. 2007) (per curiam) (same).

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Medina must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to

consider his second or successive habeas corpus application. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application. *See id*. at 1251. An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Medina does not allege that he has sought or obtained authorization from the Tenth Circuit to file a second or successive § 2254 application. Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the matter to the Tenth Circuit pursuant to 28 U.S.C. § 1631. *In re Cline*, 531 F.3d at 1252. The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251. When the claims being raised in the second or successive application

clearly do not meet the statutory requirements set forth in § 2244(b)(2), "a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter." *See id.* at 1252.

Mr. Medina asserts five claims in the application contending that counsel had an actual conflict of interest; the prior convictions used to support his adjudication as an habitual offender were not properly authenticated; core testimonial evidence utilized to identify and prove his prior felony convictions was admitted without an opportunity for cross-examination; the prosecution violated discovery rules with respect to the evidence utilized to support the habitual criminal charges; and the trial court failed to instruct the jury accurately regarding proof beyond a reasonable doubt of the elements of the offense charged. None of these claims is based on either a new rule of constitutional law or newly discovered evidence as required pursuant to § 2244(b)(2). Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone. *See id.*

Consideration of the other relevant factors also supports this conclusion. Although it appears that Mr. Medina's claims would be time-barred if filed anew in the proper forum, it also appears that the claims would be time-barred if Mr. Medina had sought proper authorization prior to filing in this Court. There also is no indication that Mr. Medina seeks to pursue a claim that likely has merit. Finally, it was clear when the instant action was filed that this Court lacks jurisdiction over Mr. Medina's successive claims. As a result, the Court finds that a transfer of the instant action to the Tenth Circuit is not in the interest of justice. Instead, the action will be dismissed for lack of jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  25th  day of   July  , 2013.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court